1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CHRISTOPHER
KETTENBURG,

            Plaintiff,

      v.

GOOGLE, INC.,

            Defendant.

Case No.  24-cv-06237-SVK

**ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND
SCREENING COMPLAINT
UNDER 28 U.S.C. § 1915(e)**

Re: Dkt. No. 2

Before the Court is self-represented Plaintiff's application to proceed *in forma pauperis*. Dkt. 2 (the "Application").  As discussed below, the Court **GRANTS** the Application.  Because the Court grants the Application, it screens Plaintiff's complaint under 28 U.S.C. Section 1915(e). *See* Dkt. 1 (the "Complaint").  For the reasons discussed below, the Court **DISMISSES** Plaintiff's claims **WITH LEAVED TO AMEND**.

## I.      THE APPLICATION

Under 28 U.S.C. Section 1915, the Court may authorize a plaintiff to commence an action without paying the necessary filing fees if it believes the plaintiff cannot afford to pay such fees. *See* 28 U.S.C. § 1915(a)(1).  After evaluating Plaintiff's Application, the Court finds that Plaintiff meets the financial eligibility requirements of 28 U.S.C. Section 1915.

///
///
///
///
///
///

## II.     SCREENING COMPLAINT UNDER 28 U.S.C. § 1915(e)

Because the Court grants the Application, it now screens Plaintiff's Complaint to determine whether Section 1915 mandates dismissal.

### A.     Background

Plaintiff alleges he watched a YouTube video "claim[ing that] if you wear a black arm band for 72 hours with a 9 volt battery in it, the low level electrical charge" will cure the wearer of "the AIDS virus, along with ALL blood borne diseases." *See* Complaint at ECF Page 2.  He subsequently posted the video on his own website, "and sure enough, [h]e had a WORKING CURE FOR $20.00 not just for AIDS, but ALL blood borne diseases in just a few weeks." *See id.* However, "he has yet to make a dime off the cure for AIDS and ALL blood borne diseases," and questions "[h]ow much money was given to the medical establishment for a cure for AIDS." *See id.* at ECF Pages 2-3.  Based on these allegations, he accuses Defendant Google of violating various provisions of Title 18 of the United States Code, and requests that the Court "order Defendant Google to pay Plaintiff, along with EVERY American veteran who had their civil rights violated by Google even one time one million dollars." *See id.* at ECF Pages 1, 3.[1]

### B.     Legal Standard

District courts must screen civil actions filed *in forma pauperis* to ensure that a complaint states a claim upon which relief can be granted, is not frivolous and does not seek monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section 1915] is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  To survive scrutiny under Rule 12(b)(6), a

---

[1] Plaintiff appends a "Motion for Discovery" and "Motion for Waiver of Service" to the Complaint.  *See* Complaint at ECF Pages 4-5.  In the Motion for Discovery, he explains that he has been "DISCONNECTED from EVERYTHING GOOGLE" and claims that discovery "will PROVE Google's misdeeds."  *See id.* at ECF Page 4.  In the Motion for Waiver of Service, he accuses his property manager (whom he does not name as a defendant in this action) of sneaking into his and his neighbor's apartments and deleting files from his website.  *See id.* at ECF Page 5.

United States District Court
Northern District of California

1  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell*

2  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This facial-plausibility standard requires a

3  plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted

4  unlawfully."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Further, under

5  Section 1915, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts

6  in support of the claim that would entitle him to relief."  *See Watison*, 668 F.3d at 1112 (citation

7  omitted).  In performing this analysis, courts must liberally construe the pleadings of self-

8  represented litigants.  *See id.*

9  **C.    Discussion**

10  Plaintiff brings claims under 18 U.S.C. Sections 241, 242, 244, 247, 373, 1113, 1117, 2236

11  and 2340A.  *See* Complaint at ECF Page 1.  But as the language of those statutes makes clear,

12  those statutes all impose criminal liability.  *See also Williams v. Cerny*, No. 10-cv-01793-AWI,

13  2010 WL 4967773, at *2 (E.D. Cal. Dec. 1, 2010) ("Title 18 of the United States Code involves

14  crimes and criminal procedure."), *report and recommendation adopted*, Dkt. 6 (E.D. Cal. Jan. 14,

15  2011).  Criminal statutes may not form the basis of a civil action unless the statutes "either

16  explicitly create a right of action or implicitly contain one."  *See In re Digimarc Corp. Derivative*

17  *Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008) (citation omitted).  Having reviewed the statutes, the

18  Court concludes that none of them either explicitly or implicitly creates a private right of action.

19  *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions,

20  however, provide no basis for civil liability." (citation omitted)).

21  The Court will therefore dismiss Plaintiff's claims but will provide Plaintiff an opportunity

22  to submit an amended complaint.  Plaintiff shall file an amended complaint only if he can, <u>in good

23  faith, explain clearly</u>:  (1) what happened to him; (2) how he was harmed by what happened to

24  him; (3) why what happened to him constitutes a violation of law; and (4) why he may pursue a

25  civil action for any such alleged violation.

26  ///

27  ///

28  ///

3

**III.   CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**.  Plaintiff shall file an amended complaint by **October 16, 2024**.  If Plaintiff does not file an amended complaint by the deadline, the Court will direct the clerk to reassign this action to a district judge with a recommendation that the district judge dismiss the action.

The Court encourages Plaintiff to seek free legal assistance from the Legal Help Center located in the San Jose courthouse.  The Legal Help Center will not represent Plaintiff in this action but can provide basic legal assistance at no cost.  Plaintiff can schedule an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org.  Plaintiff can find more information about the Legal Help Center at:  https://cand.uscourts.gov/pro-se-litigants/.

The court also provides a free guide, "Representing Yourself in Federal Court:  A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial.  Plaintiff can access the guide online (https://cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_4-2024_MBB.pdf) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: September 16, 2024

SUSAN VAN KEULEN
United States Magistrate Judge